UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**  CASE NO.: 8:16-cv-1557

   **Plaintiff,**

v.

**SCHUYLER W. LANGDON,**

   **Defendant.**
_____/

## DEFENDANT SCHUYLER W. LANGDON'S OMNIBUS DISPOSITIVE MOTION TO DISMISS AND MEMORANDUM OF LAW

**COMES NOW,** Defendant, Schuyler W. Langdon, by and through his undersigned counsel, pursuant to Rules 8 and 12(b)(6), Federal Rules of Civil Procedure, and Article III of the Constitution, and respectfully submits his Motion to Dismiss and respectfully requests this Honorable Court to dismiss the Complaint for failure to state a cause of action.  In support hereof, Defendant states:

1. On or about June 14, 2016, the Plaintiff filed its Complaint for judgment for payment of indebtedness related to a student loan.  (Doc. # 1).

2. The Complaint and Summons was served on the Defendant on June 16, 2016.

3. The Plaintiff alleges that a debt is owed to the Plaintiff. The Plaintiff does not allege that the Defendant is the individual who owes the alleged debt.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 1 of 8

## LACK OF STANDING

4. Pursuant to Rule 8(a)(2), Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".

5. This Court has held that to satisfy Article III's standing requirements, a plaintiff must show "injury in fact," causation, and redressability. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992).

6. The United States of America ("USA") is the alleged Plaintiff in this action.

7. The Plaintiff's Complaint states that the debt is owed to the USA. (¶ 3).

8. Nothing in the Complaint provides the causation connection to the Defendant. The only documentation attached to the Plaintiff's Complaint is a document created by the Plaintiff. The signatory of the document is merely titled a "Loan Analyst" in the "Litigation Support Unit". The full name of the signatory is not provided and the signature is illegible.

9. The Plaintiff fails to connect the Defendant with the alleged debt. The Plaintiff has not plead or provided evidence of the disbursements to the Defendant, including but not limited to, the number of disbursements, the dates of said disbursements, the institution that disbursements were provided to, or the amounts of said disbursements.

10. The Plaintiff's Complaint fails to attach any document that evidences that the Defendant owes the debt to the USA.

11. In the Plaintiff's Exhibit A, the "Certificate of Indebtedness #1 of 1" (hereinafter "Certificate of Indebtedness") alleges that "the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation Loan from SALLIEMAE MERRIFIELD, VA."

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 2 of 8

12. No promissory note is attached to the Plaintiff's Complaint.

13. No other documents evidencing that Defendant ever received any benefit or funds from SALLIEMAE MERRIFIELD, VA.

14. The Certificate of Indebtedness also alleges that there was an assignment of the loan.

15. No assignment of the loan is attached to the Plaintiff's Complaint.

16. The Plaintiff makes no allegations in its' Complaint as to how the Plaintiff has obtained, was assigned, or ever controlled the promissory note and Mortgage from SALLIEMAE MERRIFIELD, VA.

17. The Plaintiff provides no any original document or copy evidencing any assignment from SALLIEMAE MERRIFIELD, VA to the Plaintiff.

18. Because Plaintiff failed to provide evidence showing the assignment of the promissory note from SALLIEMAE MERRIFIELD, VA to Plaintiff, Plaintiff has no standing to bring this action at this time.

19. The Plaintiff may not bring this action at this time because the Plaintiff failed to provide evidence showing that the Plaintiff is entitled to relief.

20. Because the Plaintiff fails to allege that the Defendant is the individual who owes the alleged debt to the Plaintiff, the Plaintiff's claim against the Defendant should be dismissed.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 3 of 8

## FAILURE TO STATE A CAUSE OF ACTION

21. Under Fed. R. Civ. P. 12(b)(6), the Plaintiff may not bring this action at this time because the Plaintiff failed to state a claim upon which relief can be granted.

22. The Plaintiff failed to attach documents necessary to establish the Plaintiff's prima facie case.

23. Ordinarily, the district court may not consider matters outside the face of the complaint when evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss. <u>Lattimore v. Wells Fargo Bank, N.A.</u>, 590 Fed. Appx. 912, (11th Cir., 2014).

24. The Plaintiff's Complaint alleges that the debt is "owed to the USA". (¶ 3).

25. The Plaintiff implies, but does not directly allege that the Defendant owes the debt to the Plaintiff.

26. The Plaintiff's Complaint fails to allege that the Defendant owes the debt to the USA.

27. Because Plaintiff fails to allege that the Defendant owes the debt to the USA, Plaintiff has no standing to bring this action at this time.

28. The Plaintiff failed to provide evidence or attach any document that demonstrates that the Defendant owes the debt to the Plaintiff.

29. Such allegation, that the Defendant owes the debt to the Plaintiff, is necessary to establish a cause of action by Plaintiff against the Defendant.

30. The Plaintiff's Certificate of Indebtedness alleges that "the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation Loan from SALLIEMAE MERRIFIELD, VA." (¶ 2).

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 4 of 8

31. The Plaintiff failed to provide evidence of the promissory note between SALLIEMAE MERRIFIELD, VA and the Defendant.

32. The Plaintiff failed to attach evidence of the promissory note between SALLIEMAE MERRIFIELD, VA and the Defendant to the Plaintiff's Complaint.

33. Such evidence of the promissory note is necessary to establish a cause of action by Plaintiff against the Defendant.

34. The Plaintiff's Certificate of Indebtedness alleges that "the holder demanded payment according to the terms of the note." (¶ 2).

35. The Plaintiff failed to provide evidence of any demand for payment any "holder" and the Defendant.

36. The Plaintiff failed to attach evidence of any demand for payment between any "holder" and the Defendant to the Plaintiff's Complaint.

37. Such evidence of the demand for payment may be necessary to establish conditions precedent to the filing of a cause of action by Plaintiff against the Defendant.

38. The Plaintiff's Certificate of Indebtedness alleges that "the guarantor attempted to collect this debt from the borrower." (¶ 3).

39. The Plaintiff failed to provide evidence of any attempts to collect the debt from the Defendant.

40. The Plaintiff failed to attach evidence of any attempts to collect the debt from the Defendant to the Plaintiff's Complaint.

41. Such evidence of the attempts to collect the debt from the Defendant may be necessary to establish conditions precedent to the filing of a cause of action by Plaintiff against the Defendant.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 5 of 8

42. Because the Plaintiff fails to allege that the Defendant is the individual who owes the alleged debt to the Plaintiff, the Plaintiff has failed to state a claim upon which relief can be granted and the claim against the Defendant should be dismissed.

## MEMORANDUM OF LAW

43. Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution. <u>Clark v. McDonald's Corp</u>., 213 F.R.D. 198, 205 (D.N.J. 2003).

44. At the pleading stage, therefore, the plaintiff must allege facts sufficient to establish his standing to invoke the court's jurisdiction. <u>Clark v. McDonald's Corp</u>., 213 F.R.D. 198, 205 (D.N.J. 2003).

45. "The rules of standing … are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." <u>Clark v. McDonald's Corp</u>., 213 F.R.D. 198, 205 (D.N.J. 2003).

46. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir.2008).

47. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 6 of 8

48.     A defendant should be put on notice from the onset of litigation as to what the specific allegations are that form plaintiff's claim for relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

49.     This motion is not being filed to delay, harass, or prejudice any party.

**WHEREFORE,** Defendant, Schuyler W. Langdon respectfully moves this Honorable Court to dismiss the Complaint, and grant such other relief as this Honorable Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on August 8, 2016, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized or do not receive electronically Notices of Electronic by U.S. Mail and Email at the addresses listed below.

**LAW OFFICE OF ROBERT ECKARD
& ASSOCIATES, P.A.**

*/s/ Kristina E. Feher*_____
**ROBERT D ECKARD, B.C.S.
LEAD TRIAL ATTORNEY
FBN: 0162655
KRISTINA E. FEHER, ESQ.
FBN: 52082
3110 Alternate U.S. 19 North
Palm Harbor, FL 34683
(727) 772-1941 Telephone
(727) 771-7940 Facsimile
[Robert@RobertEckardLaw.com](Robert@RobertEckardLaw.com)
[Kristina@RobertEckardLaw.com](Kristina@RobertEckardLaw.com)**

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 7 of 8

SERVICE LIST
<u>*United States of America v. Schuyler Langdon*</u>
Case Number: 8:16-cv-01557
United States District Court, Northern District of Florida
Tampa Division

Steven Davis, Esq.
Becker & Poliakoff, PA
Suite 1000
Coral Gables, FL 33134
E-Mail: SDavis@becker-poliakoff.com

*Attorney for Plaintiff*

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Motion to Dismiss
Page 8 of 8