UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**  CASE NO.: 8:16-cv-1557

    **Plaintiff,**

v.

**SCHUYLER W. LANGDON,**

    **Defendant.**

_____/

## DEFENDANT SCHUYLER W. LANGDON'S
## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW,** Defendant, Schuyler W. Langdon, by and through his undersigned counsel, and hereby submits his Answer and Affirmative Defenses to the Complaint and In support hereof, Defendant states:

1. The Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies.

4. The Defendant has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Answer and Affirmative Defenses
Page 1 of 5

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Lack of Standing)

1. Under Fed. R. Civ. P. 12(b)(6), the Plaintiff may not bring this action at this time because the Plaintiff failed to state a claim upon which relief can be granted.

2. The Plaintiff failed to attach documents necessary to establish the Plaintiff's prima facie case.

3. The Plaintiff's Complaint alleges that the debt is "owed to the USA". (¶ 3).

4. The Plaintiff implies, but does not directly allege that the Defendant owes the debt to the Plaintiff.

5. The Plaintiff's Complaint fails to allege that the Defendant owes the debt to the USA.

6. Because Plaintiff fails to allege that the Defendant owes the debt to the USA, Plaintiff has no standing to bring this action at this time.

7. The Plaintiff failed to provide evidence or attach any document that demonstrates that the Defendant owes the debt to the Plaintiff.

8. Such allegation, that the Defendant owes the debt to the Plaintiff, is necessary to establish a cause of action by Plaintiff against the Defendant.

9. The Plaintiff's Certificate of Indebtedness alleges that "the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation Loan from SALLIEMAE MERRIFIELD, VA."  (¶ 2).

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Answer and Affirmative Defenses
Page 2 of 5

10. The Plaintiff failed to provide evidence of the promissory note between SALLIEMAE MERRIFIELD, VA and the Defendant.

11. The Plaintiff failed to attach evidence of the promissory note between SALLIEMAE MERRIFIELD, VA and the Defendant to the Plaintiff's Complaint.

12. Such evidence of the promissory note is necessary to establish a cause of action by Plaintiff against the Defendant.

13. The Plaintiff's Certificate of Indebtedness alleges that "the holder demanded payment according to the terms of the note." (¶ 2).

14. The Plaintiff failed to provide evidence of any demand for payment any "holder" and the Defendant.

15. The Plaintiff failed to attach evidence of any demand for payment between any "holder" and the Defendant to the Plaintiff's Complaint.

16. Such evidence of the demand for payment may be necessary to establish conditions precedent to the filing of a cause of action by Plaintiff against the Defendant.

17. The Plaintiff's Certificate of Indebtedness alleges that "the guarantor attempted to collect this debt from the borrower." (¶ 3).

18. The Plaintiff failed to provide evidence of any attempts to collect the debt from the Defendant.

19. The Plaintiff failed to attach evidence of any attempts to collect the debt from the Defendant to the Plaintiff's Complaint.

20. Such evidence of the attempts to collect the debt from the Defendant may be necessary to establish conditions precedent to the filing of a cause of action by Plaintiff against the Defendant.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Answer and Affirmative Defenses
Page 3 of 5

**Second Affirmative Defense**
**(Failure to Properly Assign Note)**

1. The Plaintiff failed to provide evidence or attach any document to the Complaint that demonstrates that the Defendant owes the debt to the Plaintiff.

2. The Plaintiff's Exhibit A alleges that the Defendant "executed a promissory note to secure a Federal Family Education Loan Program Consolidation Loan from Sallie Mae Merrifield, VA".

3. The Plaintiff failed to attach the promissory note to the Complaint.

4. The Plaintiff's Exhibit A alleges that the "loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education".

5. The Plaintiff's Exhibit A alleges that the "holder demanded payment according to the terms of the note".

6. The Plaintiff's Complaint is unclear as to whether the Plaintiff, or some other party, is the "holder".

7. The Plaintiff's Complaint fails to demonstrate the assignment of the loan from Sallie Mae Merrifield, VA to the United States.

8. Because there are no documents to properly describe the debt owed to the Plaintiff, there are no documents which confer standing upon Plaintiff.

**WHEREFORE,** Defendant, Schuyler W. Langdon respectfully prays this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, award Defendant attorney's fees and costs, and grant such other and further relief as this Honorable Court deems just and proper.

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Answer and Affirmative Defenses
Page 4 of 5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 14, 2016, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized or do not receive electronically Notices of Electronic by U.S. Mail and Email at the addresses listed below.

> **LAW OFFICE OF ROBERT ECKARD**
> **& ASSOCIATES, P.A.**
>
> */s/ Kristina E. Feher*_____
> **ROBERT D ECKARD, B.C.S.**
> **LEAD TRIAL ATTORNEY**
> **FBN: 0162655**
> **KRISTINA E. FEHER, ESQ.**
> **FBN: 52082**
> **3110 Alternate U.S. 19 North**
> **Palm Harbor, FL 34683**
> **(727) 772-1941 Telephone**
> **(727) 771-7940 Facsimile**
> Robert@RobertEckardLaw.com
> Kristina@RobertEckardLaw.com

SERVICE LIST
*United States of America v. Schuyler Langdon*
Case Number: 8:16-cv-01557
United States District Court, Northern District of Florida
Tampa Division

Steven Davis, Esq.
Becker & Poliakoff, PA
Suite 1000
Coral Gables, FL 33134
E-Mail: SDavis@becker-poliakoff.com

*Attorney for Plaintiff*

*United State of America v. Schuyler Langdon*
Case No.: 8:16-cv-01557
Our Matter No.: 7574-1601
Defendant's Answer and Affirmative Defenses
Page 5 of 5